

Alan Littmann<br>
312.881.5969<br>
alittmann@goldmanismail.com

**VIA ECF**

April 22, 2024

Hon. Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Henry v. Major League Baseball Advanced Media, L.P.*, No. 1:24-cv-01446-GHW-GWG

Dear Judge Gorenstein:

Defendant Major League Baseball Advanced Media L.P. ("MLBAM") files this pre-motion letter, pursuant to Rule 2(A) of the *Individual Practices of Magistrate Judge Gabriel W. Gorenstein*, to express its intent to move to strike Plaintiff Bryan Henry's class allegations under Federal Rule of Civil Procedure 12(f) and to dismiss Mr. Henry's complaint under Rule 12(b)(6). Below, MLBAM summarizes the primary bases for its motion and proposes a pre-motion conference date and briefing schedule.

**<u>Mr. Henry Agreed to a Class-Action Waiver that Bars this Putative Class Action</u>**

Mr. Henry's class allegations fail under Rule 12(f) because he agreed to a binding class-action waiver in MLBAM's Terms of Use[1] ("TOU"). Mr. Henry brings a single claim under the Video Privacy Protection Act ("VPPA") against MLBAM. (Compl. ¶¶ 1, 56–67.) The VPPA prohibits "video tape service provider(s)" from disclosing to third parties without consent the "personally identifiable information" ("PII") of "consumer(s)" who view prerecorded content. 18 U.S.C. § 2710(a), (b). Mr. Henry claims that MLBAM violated the VPPA by using a routine software tool called the Facebook pixel on its streaming platform MLB.tv, which allows fans to

---

[1] https://www.mlb.com/official-information/terms-of-use, last accessed April 4, 2024

April 22, 2024
Page 2

watch live out-of-market baseball games from anywhere in the country. (Compl. ¶ 4; MLB.tv subscription page, https://www.mlb.com/live-stream-games/subscribe.) Mr. Henry purports to bring his claim on behalf of a nationwide class. (Compl. ¶¶ 1, 56–67.)

But Mr. Henry cannot bring his class claim because a binding contract prohibits it. Mr. Henry alleges that he "began his digital subscription to *MLB.tv*" in 2023 and "continues to maintain the subscription to this day." (Compl. ¶ 12.) Accordingly, MLBAM's TOU governs Mr. Henry's use of MLB.tv. (TOU § 1 (listing MLB.tv as an "MLB Digital Property" subject to the TOU).) Indeed, Mr. Henry's complaint acknowledges that the TOU applies here. (Compl. ¶ 11.)

Yet the TOU includes a class-action waiver prohibiting Mr. Henry or MLBAM from bringing class allegations based on any claim arising from the use of MLB.tv. (TOU §§ 1, 11.) Under New York law, which applies here pursuant to the terms of the TOU, class-action waivers like this one are enforceable so long as they are clear and conspicuous. Indeed, "[c]ourts applying New York law [] have uniformly held that class action waivers are not unconscionable." *Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 573 (S.D.N.Y. 2009). And the class-action waiver here is clear and conspicuous. It is a standalone clause announced repeatedly in the TOU and emphasized with capital letters and bold typeface. It is therefore enforceable under New York law. *See, e.g.*, *Zheng v. Live Auctioneers LLC*, No. 20-CV-9744 (JGK), 2021 WL 2043562, at *5 (S.D.N.Y. May 21, 2021) (enforcing provision in online agreement set apart in its own section with bold typeface).

In sum, because a contractual waiver clearly precludes Mr. Henry from asserting claims on a class-wide basis, the court should strike Mr. Henry's class allegations under Rule 12(f). *See e.g.*, *Camilo v. Uber Techs., Inc.*, No. 17 CIV. 9508 (AKH), 2018 WL 2464507, at *3 (S.D.N.Y. May 31, 2018) (finding class-action waiver "valid and enforceable" and granting motion to strike class allegations).

**Mr. Henry Fails to State a VPPA Claim**

Mr. Henry also fails to state a claim under the VPPA, even on an individual basis. Under Rule 12(b)(6), Mr. Henry must allege "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements" and "mere conclusory statements" are not enough to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Henry's VPPA claim fails to meet these threshold pleading requirements in two ways.

*First*, Mr. Henry does not allege facts sufficient to show that MLBAM shared his PII with a third party in violation of the VPPA. Mr. Henry claims that MLBAM's use of the Facebook pixel resulted in the disclosure of his Facebook ID—a unique numeric identifier tied to a Facebook profile—and his video-viewing information. (Compl. ¶ 33.) But Mr. Henry's complaint contains no allegations to show that he, personally, would be identified in any supposed transmission of his

April 22, 2024
Page 3

Facebook ID. The VPPA requires PII to "at the very least, identify a *particular* person" as having viewed video materials. *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 179 (S.D.N.Y. 2015) (citing *In re Hulu Privacy Litig.*, No. C 11–03764 LB, 2014 WL 1724344, at *7 (N.D. Cal. Apr. 28, 2014)). Mr. Henry, however, pleads no facts about his Facebook profile or what information identifying him it may contain. Courts in the Second Circuit have found that a "VPPA claim fails" where a "complaint says nothing about any personal information on [a] Facebook profile page." *Solomon v. Flipps Media, Inc.*, No. 22-CV-5508 (JMA) (JMW), 2023 WL 6390055, at *3 (E.D.N.Y. Sept. 30, 2023). Because Mr. Henry's complaint does not allege that his Facebook profile contains any "personal information," his VPPA claim fails.

**Second**, Mr. Henry's complaint also fails because he does not plausibly allege that he viewed prerecorded, rather than live, video content on MLB.tv. Courts applying the VPPA "have uniformly declined" to construe it "as covering 'live' video content broadcast over the internet." *E.g.*, *Walker v. Meta Platforms, Inc.*, No. 22-CV-02442-JST, 2023 WL 3607282, at *5 (N.D. Cal. Mar. 3, 2023). Courts have therefore required plaintiffs to plausibly allege that they watched prerecorded, rather than live, videos on a defendant's website to state a VPPA claim. *See, e.g.*, *Solomon*, 2023 WL 6390055, at *5. But Mr. Henry does not allege any information at all about the specific prerecorded videos he allegedly watched on MLB.tv that supposedly violated the VPPA. Mr. Henry's claim fails for this reason too.

For all these reasons, the Court should dismiss Mr. Henry's complaint for failure to state a VPPA claim.

\*\*\*

MLBAM proposes a pre-motion conference date of April 25, 2024, if the Court deems a conference necessary. MLBAM also proposes the following briefing schedule:

| April 30, 2024 | MLBAM motion and memorandum of law |
| May 21, 2024 | Plaintiff opposition and answering memorandum |
| June 4, 2024 | MLBAM reply in support of its motion |

Sincerely,

Alan Littmann

Cc: Counsel of Record (via ECF)