GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP

Alan Littmann
312.881.5969
alittmann@goldmanismail.com

**VIA ECF**

August 5, 2025

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Henry v. Major League Baseball Advanced Media, L.P.*, No. 1:24-cv-01446-GHW-GWG

Dear Judge Gorenstein:

As instructed in this Court's June 11, 2025 order, ECF No. 52, Defendant MLB Advanced Media, L.P. ("MLBAM") writes to inform the Court that the Second Circuit has denied the appellant's petition for panel rehearing or rehearing en banc in *Solomon v. Flipps Media, Inc.*, 136 F.4th 41 (2d Cir. 2025). *See Solomon*, No. 23-7597, ECF No. 57.1 (denying petition for rehearing). The Second Circuit subsequently issued the mandate in *Solomon* on August 1, 2025. *See id.*, ECF No. 44 (ordering that the district court's judgment is affirmed). MLBAM therefore asks the Court to reinstate and grant its motion to dismiss Plaintiffs' complaint with prejudice.[1] (*See* ECF No. 41 (motion); ECF No. 42 (memorandum supporting motion); ECF No. 45 (reply supporting motion); ECF No. 47 (notice of supplemental authority); ECF No. 51 (reply to Plaintiffs' response to notice of supplemental authority).)

As explained in MLBAM's May 30, 2025 letter, ECF No. 51, *Solomon* requires dismissal of this case with prejudice because it confirms that Plaintiffs have not—and cannot—allege a disclosure of their personally identifiable information ("PII") sufficient to state a claim under the Video Privacy Protection Act ("VPPA"). As the Second Circuit recently held in *Hughes v. National Football League*, "*Solomon* effectively shut the door for Pixel-based VPPA claims." No. 24-2656, 2025 WL 1720295, at *2 (2d Cir. June 20, 2025). This is because the information

[1] MLBAM also moved to strike Plaintiffs' class allegations under the operative MLBAM Terms of Use. (*See* ECF No. 41 (motion to strike and dismiss); ECF No. 42 (memorandum supporting motion to strike and dismiss).) MLBAM requests that its motion to strike be reinstated and granted as well.

allegedly transmitted by the Pixel is not "information that would allow an ordinary person to identify a consumer's video-watching habits." *Solomon*, 136 F.4th at 52; *Hughes*, 2025 WL 1720295 at *2 (agreeing and citing *Solomon*). As MLBAM has explained, Plaintiffs in this case have the same problem as the Plaintiffs in *Solomon*: Their complaint alleges the transmission of information from the Pixel, which the Second Circuit has made clear cannot support a VPPA claim. (*See generally* MLBAM Reply, ECF No. 51 (describing parallels between the complaint rejected in *Solomon* and Plaintiffs' complaint).) Any amendment of Plaintiffs' Pixel-based VPPA claims thus would be futile under binding Second Circuit precedent, meaning that their complaint should be dismissed with prejudice just like *Solomon* and *Hughes*. *See Solomon*, 136 F.4th at 56 (affirming dismissal with prejudice); *Hughes*, 2025 WL 1720295, at *3 (same).

Because binding Second Circuit precedent forecloses Plaintiffs' VPPA claims, MLBAM asks the Court to reinstate and grant its motion to dismiss Plaintiffs' VPPA claims with prejudice and to strike Plaintiffs' class allegations.

MLBAM remains available to address any additional questions the Court may have.

Sincerely,

Alan E. Littmann

Alan Littmann

Cc: Counsel of Record (via ECF)